BENJAMIN B. WAGNER
United States Attorney
PETER M. MULARCZYK
Special Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

FILED
MAY 20 2014
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY DEPUTY CLERK

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MICHAEL H. TEUTSCH,<br>Defendant. | CASE NO. 2:14-CR-00080-JAM<br>**PLEA AGREEMENT PURSUANT TO RULE 11(C)(1)(B) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE**<br>DATE: May 20, 2014<br>TIME: 9:45 a.m.<br>COURT: Hon. John A. Mendez |

## I. INTRODUCTION

### A. Scope of Agreement

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the defendant, MICHAEL H. TEUTSCH, will plead guilty to the sole Count of the Superseding Information in this case charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). This document contains the complete Plea Agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This Plea Agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

///

///

### B. Court Not a Party

The Court is not a party to this Plea Agreement. Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities that may not have been charged in the Superseding Information. The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this Plea Agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this Plea Agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

## II. DEFENDANT'S OBLIGATIONS

### A. Guilty Plea

Pursuant to Rule 11(c)(1)(B), the defendant will plead guilty to the sole Count of the Superseding Information in this case charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The defendant agrees that he is in fact guilty of this charge and that the facts set forth in the Factual Basis attached to this Plea Agreement as Exhibit A are accurate, true and correct. Exhibit A is incorporated here by reference.

The defendant agrees that this Plea Agreement will be filed with the Court and become a part of the record of the case. The defendant understands and agrees that he will not be allowed to withdraw his plea should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a guilty plea pursuant to this Agreement. The defendant waives any rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, to the extent that these rules are inconsistent with this paragraph or with this Agreement generally.

**B. Special Assessment**

The defendant agrees to pay a special assessment of $100 at the time of sentencing by delivering a check or money order payable to the United States District Court immediately before the sentencing hearing. If the defendant is unable to pay the special assessment at the time of sentencing, he agrees to earn the money to pay the assessment, if necessary by participating in the Inmate Financial Responsibility Program.

**C. Defendant's Violation of Plea Agreement or Withdrawal of Plea**

If the defendant, violates this Plea Agreement in any way, withdraws his plea, or tries to withdraw his plea, this Plea Agreement is voidable at the option of the government. The government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. One way a defendant violates the Plea Agreement is to commit any crime or provide any statement or testimony which proves to be knowingly false, misleading, or materially incomplete. Any post-plea conduct by a defendant constituting obstruction of justice will also be a violation of the agreement. The determination whether the defendant has violated the Plea Agreement shall be decided under a probable cause standard.

If the defendant violates the Plea Agreement, withdraws his plea, or tries to withdraw his plea, the government shall have the right: (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this Plea Agreement; and (3) to file any new charges that would otherwise be barred by this Plea Agreement. The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge, including perjury, false statements, and obstruction of justice. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this Plea Agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision to exercise the options stated in the previous paragraph. Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this Plea Agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Plea Agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections

based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this Plea Agreement.

In addition: (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this Plea Agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this Plea Agreement, or any leads derived therefrom, should be suppressed. By signing this Plea Agreement, the defendant waives any and all rights in the foregoing respects.

**D. Waiver of Indictment**

The defendant agrees that, as part of this Plea Agreement, he will waive his right to prosecution by Grand Jury Indictment, sign a written waiver of that right, and consent to proceed by Information rather than by Indictment.

## III. THE GOVERNMENT'S OBLIGATIONS

**A. Recommendations**

1. Incarceration Range

The government will recommend that the defendant be sentenced to the low end of the applicable guideline range for his offense, as determined by the Court.

2. Acceptance of responsibility

If the United States Probation Office ("Probation") determines that a three-level reduction in defendant's offense level for his full and clear demonstration of acceptance of responsibility is appropriate under U.S.S.G. § 3E1.1, the government will not oppose such a reduction and will so move under § 3E1.1(b), so long as the defendant pleads guilty, meets with and assists the probation officer in the preparation of the pre-sentence report, is truthful and candid with the probation officer, and does not otherwise engage in conduct that constitutes obstruction of justice within the meaning of U.S.S.G. § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

**B. Use of Information for Sentencing**

The government is free to provide full and accurate information to the Court and Probation, including answering any inquiries made by the Court and/or Probation, and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court. The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

## IV. ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense to which the defendant is pleading guilty:

As to the sole Count, felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1):

1. The defendant has been convicted of a crime punishable by imprisonment for a term exceeding one year;
2. The defendant knowingly possessed a firearm; and
3. The firearm possessed by the defendant has been shipped or transported in interstate or foreign commerce.

A person "possesses" a firearm if the person knows of its presence and has the physical control of it, or knows of its presence and has the power and intention to control it.

The defendant fully understands the nature and elements of the crime charged in the Superseding Information to which he is pleading guilty, together with the possible defenses to the charge, and has discussed them with his attorney.

## V. MAXIMUM SENTENCE

**A. Maximum penalty**

The maximum sentence that the Court can impose on the sole Count of the Superseding Information is 10 years in prison, a fine of up to $250,000.00, or both fine and imprisonment. There is also a mandatory $100 special assessment and a period of supervised release of up to 3 years.

**B. Violations of Supervised Release**

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the

defendant to serve up to 2 years of additional imprisonment, pursuant to 18 U.S.C. §§ 3559 and 3583(e)(3).

## VI. SENTENCING DETERMINATION

### A. Statutory Authority

The defendant understands that the Court must consult the Federal Sentencing Guidelines (as promulgated by the Sentencing Commission pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as modified by United States v. Booker and United States v. Fanfan, 543 U.S. 220 (2005)), and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

### B. Estimated Guideline Calculations

The government and the defendant agree that the following is their present best estimate of the sentencing guidelines variables. These estimates shall not be binding on the Court, the Probation Office, or the parties:

| | | |
|---|---|---|
| Base Offense Level: | +14 | (§2K2.1(a)(6)) |
| Specific Offense Characteristics: | +2 | (§2K2.1(b)(4)) |
| Acceptance of Responsibility: | -3 | |
| *Criminal History Category: III* | | |
| **Sentencing Range:** | **13/III = 18 to 24 months** | |

The defendant is free to recommend to the Court whatever sentence he believes is appropriate under 18 U.S.C. § 3553(a).

///

///

///

## VII. WAIVERS

### A. Waiver of Constitutional Rights

The defendant understands that by pleading guilty he is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to subpoena witnesses to testify on his behalf; (e) to confront and cross-examine witnesses against him; and (f) not to be compelled to incriminate himself.

### B. Waiver of Appeal and Collateral Attack

The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence. He agrees as part of his plea, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed the top of the advisory sentencing guidelines.

Regardless of the sentence he receives, defendant also gives up any right he may have to bring a post-appeal attack on his conviction or his sentence. He specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction or sentence.

If the defendant ever attempts to vacate his plea, dismiss the underlying charges, or reduce or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the right (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this Plea Agreement; and (3) to file any new charges that would otherwise be barred by this Plea Agreement. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office. By signing this Plea Agreement, the defendant agrees to waive any objections, motions, and defenses he might have to the government's decision. In particular, he agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

///

///

///

**C. Waiver of Attorneys' Fees and Costs**

The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this Plea Agreement and any charges previously dismissed).

## VIII. ENTIRE PLEA AGREEMENT

Other than this Plea Agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

## IX. APPROVALS AND SIGNATURES

### A. Defense Counsel

I have read this Plea Agreement and have discussed it fully with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this Plea Agreement.

Dated: 5/20/14

ERIC HINTZ
Attorney for Defendant

### B. Defendant

I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement. In addition, no one has threatened or forced me in any way to enter into this Plea Agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated: 5-20-2014

MICHAEL H. TEUTSCH
Defendant

### C. Attorney for the United States

I accept and agree to this Plea Agreement on behalf of the government.

BENJAMIN B. WAGNER
United States Attorney

Dated: 5/20/14

PETER M. MULARCZYK
Special Assistant U.S. Attorney

///

///

///

**EXHIBIT "A"**
**Factual Basis for Plea**

If this matter proceeded to trial, the United States would establish the following facts beyond a reasonable doubt:

On November 18, 2013, a 2005 Ford F-150 pickup truck entered the commercial vehicle inspection area of Beale Air Force Base in Yuba County, State and Eastern District of California. The defendant was the driver of the truck. The defendant got out of the truck so that security guards could conduct an inspection of the truck as a condition of entry onto the base. During the inspection, officers recovered the Smith and Wesson Model SW9VE, 9 millimeter semiautomatic pistol, serial number RAY0829 ("9mm handgun"), in a holster on the floor behind the driver's seat. A check of 9mm handgun revealed that it was stolen. The officers also recovered ammunition for the 9mm handgun from the driver's side door and behind the passenger's seat. After receiving *Miranda* warnings, the defendant admitted to officers that: (1) he purchased the firearm from a friend; and (2) he had the firearm, along with ammunition, in his truck [The 2005 Ford F-150].

Additionally, the defendant has three prior felony convictions, including:

1) causing bodily injury while driving under the influence of alcohol, in violation of California Vehicle Code Section 23153(a), on or about June 30, 2003, in the Superior Court of the State of California, County of Sacramento, Case No. 03F03935;

2) driving with 0.08 percent or more of alcohol in his blood, in violation of California Vehicle Code Section 23152(b), on or about July 11, 2007, in the Superior Court of the State of California, County of Marin, Case No. SC153306A; and

3) driving under the influence of alcohol, in violation of California Vehicle Code Section 23152(a), on or about July 11, 2007, in the Superior Court of the State of California, County of Marin, Case No. SC153306A

Finally, the defendant's 9mm handgun was manufactured in Wisconsin, thus it traveled in interstate commerce.

I, MICHAEL H. TEUTSCH, have read and reviewed the entire factual basis in Exhibit A above and, as far as my own conduct is concerned, I adopt it as my own true statement.

Dated: 5-20-2014

Michael H. Teutsch
MICHAEL H. TEUTSCH
Defendant